# UNITED STATES DISTRICT COURT

## DISTRICT OF SOUTH CAROLINA

### CHARLESTON DIVISION

| | |
|---|---|
| Emery Feeser,<br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA, Acting through the Centers for Medicare & Medicaid Services (CMS),<br>Defendant. | Civil Action No.: 2:25-cv-06719-DCN<br><br>**COMPLAINT FOR**<br>**DECLARATORY JUDGMENT** |

**Plaintiff**, by and through undersigned counsel, brings this action for a declaratory judgment pursuant to 28 U.S.C. § 2201 and § 2202 and respectfully alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as this action arises under the laws of the United States, including the Medicare Secondary Payer Act, 42 U.S.C. § 1395y(b).

2. Venue is proper in this Court under 28 U.S.C. § 1391(e), as the United States is a Defendant and a substantial part of the events giving rise to this claim occurred within this district.

### PARTIES

3. Plaintiff, EMERY FEESER, is an individual and resident of the State of South Carolina.

4. Defendant is the United States of America, acting through the Department of Health and Human Services (HHS) and its sub-agency, the Centers for Medicare and Medicaid Services (CMS).

## FACTUAL ALLEGATIONS

5. Plaintiff was a Medicare beneficiary who sustained personal injuries in an incident that occurred on October 12, 2018.

6. Plaintiff subsequently pursued and settled a personal injury claim against a third party, and even though the basis of the case, may have been preempted, the case resulted in a nominal gross settlement amount of $10,000.

7. On November 4, 2022, Plaintiff's counsel duly submitted a CMS request for a conditional payment letter related to the date of incident of October 12, 2018, and CMS indicated a zero conditional payment amount, as was anticipated. Client has correspondence indicating the product manufacturer was covering all medical expenses.

8. On November 29, 2022, Medicare/CMS acknowledged receipt of the Plaintiff's request for a conditional payment letter.

9. On March 6, 2023, Plaintiff received a conditional payment letter from Medicare/CMS confirming it had not paid any claims related to the case and stated they had accordingly closed their file.

10. When the matter settled, the date of the incident was incorrectly self reported by the Defendant in that matter, Medtronic, as July 7, 2018.

11. Based on the incurred date of incident, CMS then asserted a Medicare lien in the amount of $10,000, the full amount of the nominal settlement, claiming a right of reimbursement for conditional payments it alleges were made related to the injury, though the date of the incident was incorrect and the Medicare Case ID was different.

12. Plaintiff then requested the lien amount be reduced to zero, as the claim had the incorrect date of incident as well as a different CMS case number and there should have been no expenses associated with the case.

13. Plaintiff further contested the amount and scope of the claimed lien, asserting that all of the payments were unrelated to the injuries at issue or were otherwise not reimbursable under applicable law.

14. Medicare's claim also included funds that the Plaintiff did not receive, as they were for attorneys' fees and case costs related to the matter of the correct date of incident.

15. Despite Plaintiff's efforts to administratively resolve the dispute, including a Request to Vacate the Dismissal Decision, CMS has maintained its position and is seeking to collect the full amount asserted and has turned over collection efforts to the Department of the Treasury.

16. The existence of the disputed lien has also resulted in the Plaintiff's Social Security Benefits being garnished.

## CLAIM FOR DECLARATORY RELIEF

11. Plaintiff realleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

12. An actual controversy exists between Plaintiff and the Defendant regarding the scope, amount, and enforceability of the asserted Medicare lien.

13. Plaintiff seeks a judicial declaration that CMS is not entitled to reimbursement of the amount claimed, and that its asserted lien exceeds the scope permitted by law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 determining the rights and obligations of the parties with respect to the Medicare lien;

B. Declare there is no reimbursement due, as the Defendant in the underlying case agreed to pay all medical expenses;

C. B. Declare that the amount of CMS's reimbursement claim exceeds its lawful entitlement;

D. Enjoin CMS from taking collection actions based on the disputed amount;

E. Award Plaintiff costs and attorney's fees as permitted by law;

F. Entering an Order directing the Government to repay the Plaintiff the garnished payments, with interest; and

G. Grant such other and further relief as the Court deems just and proper.

s/Jarrel L. Wigger
Jarrel L. Wigger, Esquire, Fed ID #:6345
Wigger Law Firm, Inc.
8086 Rivers Avenue, Suite A
North Charleston, SC 29406
(843) 553-9800
jwigger@wiggerlawfirm.com

This 3rd day of July 2025
Charleston, South Carolina